UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
UNITED STATES OF AMERICA,    )
                             )
                 Plaintiff,  )
     vs.                     )
                             )   SACR-10-00215-JVS
CHAD PETER SMANJAK,          )
                             )
                 Defendant.  )
------------------------------
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

September 12, 2016

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   EILEEN M. DECKER
     United States Attorney
 4   DENNISE D. WILLETT
     Assistant United States Attorney
 5   Chief, Santa Ana Branch Office
     JENNIFER L. WAIER
 6   Assistant United States Attorney
     411 West Fourth Street
 7   Santa Ana, CA  92701
     (714) 338-3597
 8
     For the Defendant:
 9
     LAWRENCE S. FELD
10   LAW OFFICES OF LAWRENCE S. FELD
     260 Madison Avenue, 18th Floor
11   New York, NY  10016
     (212) 742-1610
12
     PAUL. W. RAYMOND
13   Attorney at Law
     1001 Dove Street, Suite 190
14   Newport Beach, CA  92660-2885
     (949) 476-2197
15

16

17

18

19

20

21

22

23

24

25
```

```
08:58   1   SANTA ANA, CALIFORNIA; MONDAY, SEPTEMBER 12, 2016; 8:58 A.M.
08:58   2           THE CLERK:  Item No. 2, SACR-10-00215-JVS, United
08:58   3   States of America versus Chad Peter Smanjak.
08:59   4           Counsel, please state your appearances for the
08:59   5   record.
08:59   6           MS. WAIER:  Good morning, Your Honor.  Jennifer
08:59   7   Waier on behalf of the United States.
08:59   8           MR. FELD:  Good morning, Your Honor.  Lawrence
08:59   9   Feld and Paul Raymond for the defendant.
08:59  10           THE COURT:  Good morning.
08:59  11           Have you all had a chance to take a look at the
08:59  12   Court's tentative sentencing memo?
08:59  13           MS. WAIER:  Yes, Your Honor.
08:59  14           MR. FELD:  Yes, Your Honor.
08:59  15           THE COURT:  Does the government have any
08:59  16   additional comments?
08:59  17           MS. WAIER:  The government submits.
08:59  18           THE COURT:  Mr. Feld.
08:59  19           MR. FELD:  Just briefly, Your Honor.  I have read
08:59  20   the tentative sentencing memorandum.  It's very thorough,
08:59  21   very complete.  It addresses all of the relevant points I
08:59  22   believe.
08:59  23           I just wanted to mention that Mr. Smanjak is
08:59  24   deeply remorseful about his conduct.  Like many defendants,
09:00  25   he is fearful about what is going to happen with him,
```

| | | |
|---|---|---|
| 09:00 | 1 | particularly in light of the fact that his felony conviction |
| 09:00 | 2 | may result in removal and denial of future admission to the |
| 09:00 | 3 | United States. |
| 09:00 | 4 | As I say, he has recognized that he has committed |
| 09:00 | 5 | serious offenses.  During the past four years he has done |
| 09:00 | 6 | everything in his power to make amends for his misconduct |
| 09:00 | 7 | and change the direction of his life.  Your Honor knows |
| 09:00 | 8 | about his cooperation, and I'm not going to elaborate beyond |
| 09:00 | 9 | that. |
| 09:00 | 10 | THE COURT:  I agree with you it's difficult to see |
| 09:00 | 11 | what in addition he could have done.  He decided he would |
| 09:00 | 12 | cooperate, and he did fully. |
| 09:00 | 13 | MR. FELD:  He did.  But beyond the cooperation, I |
| 09:00 | 14 | think he changed the direction of his life.  He became more |
| 09:01 | 15 | focused on religion.  He became focused on helping people. |
| 09:01 | 16 | Even when he was in South Africa, he was doing work for |
| 09:01 | 17 | children there, and he has devoted himself to helping people |
| 09:01 | 18 | as much as he can in the United States apart from his |
| 09:01 | 19 | family. |
| 09:01 | 20 | I know Your Honor has carefully considered the |
| 09:01 | 21 | fact that he has attempted to do good and to fashion a |
| 09:01 | 22 | sentence that will help him lead a better life.  So as far |
| 09:01 | 23 | as Your Honor's tentative sentencing recommendation of a |
| 09:01 | 24 | year and a day to be followed by six months of home |
| 09:01 | 25 | detention and a waiver of a fine, we submit on that, Your |

```
09:01   1    Honor.  I will not say anything further about that.
09:01   2              Your opinion does not address the issue of
09:02   3    possible restitution.  The government has not indicated
09:02   4    identifiable victims, so I believe that Your Honor should
09:02   5    not sign any restitution order at this time.
09:02   6              THE COURT:  I did not address it, but the
09:02   7    government does not request it, and the probation officer in
09:02   8    the draft form of judgment would have me not grant
09:02   9    restitution because of the complexity of the matter.
09:02   10             MR. FELD:  I just wanted the record to know that.
09:02   11             THE COURT:  Very good.
09:02   12             MR. FELD:  Thank you.
09:02   13             Then of course Mr. Smanjak wishes to address the
09:02   14   Court, and then I will have a request for self-surrender
09:02   15   after he finishes.
09:02   16             MS. WAIER:  Your Honor, could I have just have one
09:02   17   moment?
09:02   18             THE COURT:  Sure.
09:02   19             (Counsel conferring.)
09:03   20             MR. FELD:  May I have a moment, Your Honor?
09:03   21             THE COURT:  Yes.
09:03   22             (Defense counsel and defendant conferring.)
09:04   23             MR. FELD:  Is Your Honor ready for Mr. Smanjak?
09:04   24             THE COURT:  Just a second.
09:04   25             Are there any victims present who would like
```

```
09:04   1    address the Court?
09:04   2              MS. WAIER:  No, Your Honor.
09:04   3              THE COURT:  Mr. Smanjak, good morning.
09:04   4              THE DEFENDANT:  Good morning, Your Honor.
09:04   5              THE COURT:  Sir, have you had a chance to review
09:04   6    the presentence report?
09:04   7              THE DEFENDANT:  Yes, Your Honor.
09:04   8              THE COURT:  Have you discussed that with your
09:04   9    counsel?
09:04   10             THE DEFENDANT:  I have, Your Honor.
09:04   11             THE COURT:  Have you had a chance to review the
09:04   12   draft sentencing memorandum that was handed out today?
09:04   13             THE DEFENDANT:  Yes, I have, Your Honor.
09:04   14             THE COURT:  Have you discussed that with your
09:04   15   counsel as well?
09:04   16             THE DEFENDANT:  We have discussed it, yes.
09:04   17             THE COURT:  Sir, is there anything you would like
09:04   18   to say before I sentence?
09:04   19             THE DEFENDANT:  Yes, there is, Your Honor.
09:05   20             THE COURT:  Please.
09:05   21             THE DEFENDANT:  Your Honor, I just want to address
09:05   22   the Court.  I want to say thank you to Your Honor and to the
09:05   23   government.  I want to apologize for my actions.  I just
09:05   24   want to say not a day passes that I don't regret what I have
09:05   25   done.  Thank you.
```

```
09:05   1            THE COURT:  Thank you, sir.
09:05   2            Let me say the draft sentencing memorandum
09:05   3   acknowledges the substantial work that you have done to
09:05   4   correct the wrongs that you committed, and you are to be
09:05   5   commended for that.  At the end of the day, however, I
09:05   6   believe that the magnitude of the fraud and the extent of
09:05   7   the fraud requires a custodial sentence.
09:05   8            A sentence of a year and a day is substantially
09:06   9   less than what a guideline sentence would be and
09:06  10   appropriately so.  Nevertheless, to recognize the
09:06  11   seriousness of the crime and act as deterrence, not
09:06  12   necessarily for you but others who might be in your
09:06  13   position, I believe a custodial sentence is necessary, and
09:06  14   that's why I have adopted the indicated sentence of a year
09:06  15   and a day.
09:06  16            Sir, if you rise, I will sentence you.
09:06  17            It is ordered that the defendant shall pay to the
09:06  18   United States a special assessment of $100, which is due
09:06  19   immediately.  Any unpaid balance shall be due during the
09:06  20   period of imprisonment at the rate of not less than $25 per
09:06  21   quarter and pursuant to the Bureau of Prisons' Inmate
09:06  22   Financial Responsibility Program.
09:06  23            As provided by 18 USC Section 3663A(c)(3),
09:06  24   mandatory restitution is not ordered because an offense
09:07  25   against property is involved, and determining complex issues
```

```
09:07   1   of fact related to the cause or amount of the victims'
09:07   2   losses would complicate or prolong the sentencing process to
09:07   3   a degree that the need to provide restitution to any victim
09:07   4   is outweighed by the burden on the sentencing process.
09:07   5           All fines are waived as the Court finds that the
09:07   6   defendant has established that he is unable to pay and is
09:07   7   not likely to become able to pay any fine.
09:07   8           Pursuant to the Sentencing Reform Act of 1984, it
09:07   9   is the judgment of the Court that the defendant, Chad Peter
09:07  10   Smanjak, is hearing committed on the single-count First
09:07  11   Superseding Information to the custody of the Bureau of
09:07  12   Prisons to be imprisoned for a term of 12 months and one
09:07  13   day.
09:07  14           Upon release from imprisonment, the defendant
09:07  15   shall be placed on supervised release for a term of three
09:07  16   years under the following terms and conditions:
09:07  17           1.  The defendant shall comply with the rules and
09:07  18   regulations of the U.S. Probation Office and General Order
09:07  19   05-02;
09:08  20           2.  The defendant shall cooperate in the
09:08  21   collection of a DNA sample from his person;
09:08  22           3.  The defendant shall pay the special assessment
09:08  23   in accordance with this judgment's orders pertaining to such
09:08  24   payment;
09:08  25           4.  The defendant shall refrain from any unlawful
```

```
09:08   1    use of a controlled substance.  The defendant shall submit
09:08   2    to one drug test within 15 days of release from imprisonment
09:08   3    and at least two periodic drug tests thereafter, not to
09:08   4    exceed eight tests per month, as directed by the probation
09:08   5    officer;
09:08   6              5.  As directed by the probation officer, the
09:08   7    defendant shall provide to the probation officer:  (1) a
09:08   8    signed release authorizing credit report inquiries; (2)
09:08   9    federal and state income tax returns and a signed release
09:08  10    authorizing their disclosure; and (3) an accurate financial
09:08  11    statement with supporting documentation as to all assets,
09:08  12    income, expenses, and liabilities of the defendant;
09:08  13              6.  The defendant shall maintain one personal
09:09  14    checking account.  All the defendant's income "monetary
09:09  15    gains," or other pecuniary proceeds shall be deposited into
09:09  16    this account, which shall be used for payment of all
09:09  17    personal expenses.  Records of all other bank accounts,
09:09  18    including any business accounts, shall be disclosed to the
09:09  19    probation officer upon request;
09:09  20              7.  The defendant shall not engage as whole or
09:09  21    partial owner, employee or otherwise, in any business
09:09  22    involving the sale or trading of stocks or securities or
09:09  23    other investment programs of any kind, loan programs,
09:09  24    telemarketing activities, or any other business involving
09:09  25    the solicitation of funds or cold-calls to customers without
```

| | | |
|---|---|---|
| 09:09 | 1 | the express written approval of the probation officer prior |
| 09:09 | 2 | to engagement in such business or employment.  Further, the |
| 09:09 | 3 | defendant shall provide the probation officer with access to |
| 09:09 | 4 | any and all business records, client lists, and other |
| 09:10 | 5 | records pertaining to the operation of any business owned in |
| 09:10 | 6 | full or in part by the defendant as directed by the |
| 09:10 | 7 | probation officer; and |
| 09:10 | 8 |        8.  The defendant shall comply with the |
| 09:10 | 9 | immigration rules and regulations of the United States, and |
| 09:10 | 10 | if deported or removed from this country, either voluntarily |
| 09:10 | 11 | or involuntarily, not reenter the United States illegally. |
| 09:10 | 12 | The defendant is not required to report to the Probation |
| 09:10 | 13 | Office while residing outside of the United States; however, |
| 09:10 | 14 | within 72 hours of release from any custody or any reentry |
| 09:10 | 15 | to the United States during the period of Court-ordered |
| 09:10 | 16 | supervision, the defendant shall report for instructions to |
| 09:10 | 17 | the United States Probation Office, located at the United |
| 09:10 | 18 | States Courthouse, 411 West 4th Street, Suite 4170, Santa |
| 09:10 | 19 | Ana, CA  92701. |
| 09:10 | 20 |       Sir, to the extent that you have a remaining right |
| 09:10 | 21 | of appeal under the terms of the plea agreement, you have |
| 09:10 | 22 | got 14 days within which to file a written Notice of Appeal. |
| 09:11 | 23 |       Is there a request for designation? |
| 09:11 | 24 |       MR. FELD:  Yes.  The defense requests that the |
| 09:11 | 25 | Court recommend the Lompoc facility as the place where he |

```
09:11   1    will serve his sentence and that he be permitted to
09:11   2    self-surrender.
09:11   3            MR. RAYMOND:  Lompoc FCI, the camp.
09:11   4            THE COURT:  I am happy to make the recommendation.
09:11   5    It all depends on how you are classified, Mr. Smanjak, and
09:11   6    the availability of space is, but I am happy to make the
09:11   7    recommendation.
09:11   8            Is there any objection to self-surrender?
09:11   9            MS. WAIER:  No, Your Honor.
09:11  10            THE COURT:  Do you want to propose a date?
09:11  11            MR. FELD:  We would ask for 60 days.
09:11  12            THE COURT:  That's fine.  I would have no trouble
09:12  13    pushing it to the last week of November if he wants to be
09:12  14    here with his family for Thanksgiving.
09:12  15            MR. FELD:  I think he would like that, Your Honor.
09:12  16    Would I be pushing the envelope if I asked if he could spend
09:12  17    Christmas with his family?
09:12  18            THE COURT:  You would.
09:12  19            MR. FELD:  Okay.  Then I withdraw the request.
09:12  20            THE COURT:  Sir, you are to surrender to the
09:12  21    designated facility no later than November 30, 2016, at
09:12  22    noon.  If you have not been designated to a facility, you
09:12  23    are to surrender to the United States Marshal on the second
09:12  24    floor in this building.
09:12  25            Anything else we should take up?
```

```
09:12   1           MS. WAIER:  Yes.  In the interests of justice, the
09:12   2   government moves to dismiss the underlying Indictment
09:12   3   against this defendant.
09:12   4           THE COURT:  The underlying Indictment will be
09:12   5   dismissed as to Mr. Smanjak.
09:12   6           The bond will be exonerated upon surrender.
09:12   7           MS. WAIER:  Thank you, Your Honor.
09:12   8           MR. FELD:  Thank you, Your Honor.
09:12   9           (Whereupon, the proceedings were concluded.)
09:12  10                         *     *     *
09:12  11
09:12  12
09:12  13
09:12  14
09:12  15
09:12  16
09:12  17
09:12  18
09:12  19
09:12  20
09:12  21
09:12  22
09:12  23
09:12  24
09:12  25
```

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:   September 12, 2016


/s/   Sharon A. Seffens  9/12/16
_____
SHARON A. SEFFENS, U.S. COURT REPORTER